IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| SHAMARIAH YEHUDAH, | ) | Civil Action No.: 2:25-CV-01711-NBF-CBB |
| Plaintiff, | ) | |
| vs. | ) | Christopher B. Brown United States Magistrate Judge |
| CLIFFORD RUMBAUGH, | ) | Nora Barry Fischer United States District Judge |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

## I. Recommendation

This civil action was initiated *in forma pauperis* ("IFP") by pro se Plaintiff Samariah Yehuda on November 3, 2025. ECF No. 1. For the reasons that follow, it is respectfully recommended that Yehuda's complaint be dismissed without prejudice under 28 U.S.C. § 1915(a) for lack of subject matter jurisdiction.

## II. Report

### a. 28 U.S.C. § 1915 and Pro Se Pleadings

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed IFP, such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if: (i) the allegation of poverty is untrue;

(ii) the action is frivolous or malicious; (iii) the complaint fails to state a claim upon which relief may be granted; or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The screening procedures set forth in section 1915(e) apply to all IFP complaints, "not simply those filed by prisoners." *Atamian v. Burns*, 236 Fed. Appx. 753, 755 (3d Cir. 2007) (unpublished) (citations omitted).

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the pro se plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). In other words, the court must "accept as true all of the allegations in the complaint [or removal] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12. *See, e.g.*, *Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997).

**b. Plaintiff's Claims Lack a Sufficient Basis for this Court's Subject Matter Jurisdiction**

Yehuda's substantive allegations are as follows: Yehuda met Defendant Clifford Rumbaugh in January 2025 and began a romantic relationship with him that turned abusive. ECF No. 8 at ¶ 5. Defendant Rumbaugh helped Yehuda find

an apartment owned or managed by his acquaintance. *Id.* After she moved in, he continually entered the apartment uninvited and unannounced. *Id.* Yehuda maintains the Defendant Rumbaugh sexually assaulted her and gave her a sexually transmitted infection. *Id.* Thereafter, Yehuda moved into a domestic violence shelter and initiated this lawsuit against Defendant Rumbaugh. *Id.* Yehuda asserts a state law negligence claim against Defendant Rumbaugh and seeks monetary damages. *Id.* at p. 2. As a basis for jurisdiction, Yehuda claims that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Yehuda and Defendant Rumbaugh are "residents of different [c]ities and the amount in controversy is more than $75,000." *Id.* at ¶ 3. Yehuda alleges both she and Defendant Rumbaugh are citizens of Pennsylvania. *Id.* at ¶¶ 4-5.

The Court issued a deficiency Order on March 24, 2026 informing Yehuda that her complaint did not adequately set forth a basis for this Court's subject matter jurisdiction and provided her with the opportunity to amend her complaint to provide an adequate basis for this Court's subject matter jurisdiction by May 5, 2026. ECF No. 7. As of this date, Yehuda has not submitted an amended complaint, nor has she taken any further action in this matter. As such, she has not provided a specific basis for this Court's subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction and do not have jurisdiction over state law claims between citizens of the same state, including negligence claims that Yehuda presents here. Yehuda seeks damages only from the alleged negligence claims against Defendant Rumbaugh which sounds solely in state law and is insufficient to

confer federal jurisdiction under 28 U.S.C. § 1332. *See e.g.*, *Groves v. Wilson*, 404 Fed. Appx. 705, 707 (3d Cir. 2010) (unpublished). Without more, Yehuda's allegations do not confer jurisdiction upon this Court and the complaint must be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). To be clear to Yehuda, a dismissal without prejudice for a lack of jurisdiction is not an adjudication of her claims on the merits and this recommendation reflects no view on whether her claims have merit. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022). If the Court dismisses Yehuda's claims without prejudice, it does not prevent her from subsequently litigating her claims in the proper forum. *Id.*

## III. Conclusion

Based on the foregoing, it is respectfully recommended that Yehuda's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Yehuda is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, Yehuda must file written objections, if any, by **September 10, 2026.** Yehuda is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also Equal Empl. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 24th day of August, 2026.

Respectfully submitted:

s/Christopher B. Brown
United States Magistrate Judge